*34
 
 Pearson, J.
 

 The case of
 
 Cotten
 
 v. Evans, 1 Dev. and Bat. Eq. 284, settles this principle. A mercantile instrument, given in the partnership name, binds all of the partners, unless the person who takes it knows, or has reason to believe, that the partner who made it was improperly using his authority for his own benefit, to the prejudice of the other members ; in other words, the question is not one of power, but of a known abuse of power, the enquiry being, was the security obtained in good, or bad, faith.
 

 If the instrument be given to secure an individual debt of the partner giving it, which had been previously contracted, that is sufficient evidence of the abuse of power; it proves that the partner is improperly using authority for his own benefit, to the prejudice of the other members; and they are not bound unless there is proof of their concurrence either before or afterwards. In like manner, if an executor transfers a note of the testator in payment of his own debt, the transaction itself is evidence of fraud, and an abuse of power. This doctrine is settled by numerous cases, and is agreed to on all hands.
 

 If, after business has been carried on for some time by a firm, one of the partners withdraws and a third person comes in, and the same business is carried on at the same place, by the new firm, and one of the members of the new firm, who had been a member of the old firm, gives a mercantile instrument in the name of the new firm to secure a debt of the old firm, a different question is presented, for it may well be that the creditor acted in good faith in taking the security; because Ire may reasonably suppose that the new firm, which consists in part of the same individuals, had acquired the stock on hand and the debts due to the old firm, in consideration of an undertaking to pay the debts due by it. If he acts innocently, and a loss is to fall either upon him, or upon the firm, evidently it should be borne by the latter. They conferred upon their partner the power to draw the instrument, and can only relieve themselves by proving that the party claiming benefit under it, knew, or had reason to believe, that he was
 
 *35
 
 improperly using it. The onus of proof is on them. This is decided in
 
 Cotten
 
 v.
 
 Evans,
 
 supra, where the subject is elaborately discussed, and all the cases are examined.
 

 There is a dissenting opinion in that case, and the subject underwent a thorough examination. Much can be said on both sides, and if the argument-leaves the question doubtful, it proves that it can only be settled by adhering to the decision of the court.
 

 The present is a much stronger case than
 
 Cotten
 
 v.
 
 Evans.
 
 The defendant comes into the firm-, upon what terms is not stated, and the business is carried on under its old name arid style, without any apparent change whatever, save that there is a new member. The plaintiff had been engaged as a laborer by the old firm, for an indefinite time, at one dollar and a quarter per day, and continued to perform service as before. A mercantile instrument, or promissory note of the new firm, is given to him by the acting partner, for a part of his wages, which is regularly entered on the boohs. Afterwards, another note is given in like manner for the balance. The services for which the notes were given were rendered in part before, and in part after, the defendant came into the firm..
 

 It may well be that the plaintiff acted in good faith in taking these securities, because he may reasonably have supposed, and in all probability did suppose, that the defendant became a member of the firm by paying a sum agreed on, as a consideration for a share in the concern, whereby he became interested in the stock on hand, the unfinished work and materials, and the debts due it, and became bound for the debts outstanding against it; in other words, that he became a partner “ for better or for worse.” The defendant has offered no proof as to the terms upon which he became a member, and this is peculiarly within his knowledge ; at all events, if a loss is to fall on the plaintiff, or on him, he should bear it; for he conferred on his partner the power to draw the securities, and the onus of proving that the defendant knew, or had reason to believe, that the power was improperly used, is on him.
 

 The fact that the plaintiff was working under a continuing
 
 *36
 
 contract for an indefinite time, is also entitled to much weight. It is true, his wages were estimated at so much per day ; but there was an
 
 engagement,
 
 growing out of the nature of his employment, that the firm should employ him, and he should work for it so long as it was mutually satisfactory to the parties — a sort of tenancy at will; so that either party would have felt aggrieved, if the other had, without cause, abruptly broken off the relation; under it, the services ran into the time of the new firm. This makes the case much stronger than that of a pre-existing debt or executed contract, independent and wholly unconnected with the business of the new firm, as was the case in
 
 Cotten
 
 v.
 
 Evans.
 

 There is error.
 

 Pee CubiaM, Judgment reversed, and, upon the case agreed, judgment for the plaintiff.